Medcraft vs. Dartt.

MEDCRAFT, Appellant, vs. DARTT, Respondent.

*October 14 — November 3, 1886.*

*(1) Pleading: Tort or contract? Trespass. (2) Supreme court: Execution.*

1. A complaint alleged that the plaintiff rented certain office-rooms, furniture, good-will, and business from, the defendant, and went into possession thereof; that afterwards the defendant, "without plaintiff's consent or knowledge, and against his will, with force and violence, maliciously broke and entered the premises in question, and by force and menace refuses to permit plaintiff to enter the same, and has ever since held and now forcibly holds possession thereof, wrongfully and illegally." Damages are claimed for such wrongful acts and the consequent injury to the plaintiff's business. *Held*, that the action is in tort and not upon contract.

2. Sec. 2973, R. S., does not apply to the supreme court, and under sec. 2953 an execution will issue only against property.

APPEAL from the County Court of *Milwaukee* County. The facts are sufficiently stated in the opinions.

*Chas. M. Bice,* for the appellant.

For the respondent there was a brief by *Johnson, Rietbrock & Halsey,* and oral argument by *Mr. Johnson.*

The following opinion was filed November 3, 1886:

ORTON, J. The following facts are alleged in the complaint of the appellant: The plaintiff, in January, 1886, rented for one year, for $150 per month, certain dental rooms, office furniture, fixtures, tools, stock, and good-will and business, on the second floor of a certain building in the city of Milwaukee, of the defendant, who had the right to so lease the same, and went into the exclusive possession

of the same, and performed all the conditions of the lease. The defendant, in May following, without the plaintiff's consent or knowledge, and against his will, with force and violence, maliciously broke open and entered the said office-rooms, and by actual force and menace refused to permit the plaintiff to enter the same, and has ever since held and now forcibly holds possession thereof, wrongfully and illegally, to the plaintiff's damage. The dental office, rooms, and business commanded an income, at that time, of $200 per month, and by reason of said wrongful acts and forcible entry of said office, rooms, contents, and business, and the holding the same to the exclusion of the plaintiff from the same, the plaintiff has been damaged $2,400.

The second cause of action is in trover or trespass *de bonis* for the value of certain articles of personal property which the defendant took forcible possession of and converted to his own use, of the value of $61; and judgment is demanded for $2,461.

On this complaint and the affidavit of the plaintiff stating substantially the same facts, an order for the arrest of the defendant was made, and afterwards, on motion of the defendant, said order of arrest was vacated and set aside on the alleged insufficiency of the complaint, and from the order setting aside the same the plaintiff has brought this appeal. The main and only ground taken on the argument for sustaining this order is that the action is one *ex contractu*, and not *ex delicto* or in tort.

The only act charged, and the only grievance complained of, is that the defendant, " without plaintiff's consent or knowledge, and against his will, with force and violence, maliciously broke and entered the premises in question, and by force and menace refuses to permit plaintiff to enter the same," and now holds the same against the plaintiff, wrongfully and illegally. This can be nothing more or less than a trespass upon the property of the plaintiff in his posses-

sion, with force and violence and maliciously. That this is a tort will not be questioned. The plaintiff prefaces this charge by showing his right to and interest in the property of which he has in this manner been deprived, which he need not have done however, and it may be irrelevant matter, but it certainly does not make the action other than in trespass. The *ad damnum* is $2,400 for forcibly entering and taking possession of the premises, contents, and business. It may be that the plaintiff cannot recover in this action for an injury to his business, but he certainly can for the forcible and unlawful entry of the premises. The injury to the plaintiff's business is alleged only as a consequence of the unlawful entry, or as an item of consequential damage, the *gravamen* of the action being such entry. The plaintiff may have demanded too much, but that does not determine the nature of the action. It is too plain for argument or the citation of authority that this is, plain and simple, an action of trespass with aggravating circumstances, and, of course, in tort, in which the defendant may be arrested. It is not clear but that the plaintiff might recover the profits of his business lost, as consequential to the trespass and his forcible expulsion from the premises, in a proper action, but such an action would not be *ex contractu*, but in case. There do not seem to be any allegations appropriate to an action on contract, or on the lease, or for the violation of the terms of the lease. The mention of the lease only shows plaintiff's title and right to the premises, which was not necessary to his action, for his possession was sufficient, and, in case of contest of title, it would be matter of evidence in his behalf. The second cause of action is clearly in tort. The complaint is not very artistically drawn, but its reasonable construction must be as above.

*By the Court.*— The order of the county court is reversed, and the cause remanded for further proceedings according to law.

The following opinion was filed February 1, 1887:

BY THE COURT. At the last term this case was before us on appeal from an order of the county court setting aside an order of arrest theretofore made therein. The court held that the complaint stated a cause of action *ex delicto*, and reversed the order appealed from. The plaintiff now moves that execution issue against the body of the defendant on the judgment for costs rendered against him in this court on such appeal, and shows reasons therefor.

We do not think sec. 2973, R. S. (under which the motion was made), was intended to apply to this court. Sec. 2953 provides specially for the issue of executions on judgments of this court, and it provides only for an execution against property. None of us are aware that an execution against the body has ever issued out of this court. This fact goes to show that the bar of the state has always understood that such a remedy cannot be enforced here. Such is our opinion under existing statutes.

The motion is denied, without costs, except clerk's fees.